UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
YEETA L. WARD,                  )
                                )
        Plaintiff,              )
                                )
        v.                      )    Civil Action No. 10-321 (RWR)
                                )
D.C. DEPARTMENT OF YOUTH        )
REHABILITATION SERVICES,        )
                                )
        Defendant.              )
_____ )

## MEMORANDUM OPINION AND ORDER

Plaintiff Yeeta Ward, a correctional officer employed by the defendant District of Columbia Department of Youth Rehabilitation Services ("DYRS") filed a two-count complaint against the DYRS alleging claims of retaliation and discriminatory hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code Ann. § 2-1401.01 et seq.[1]  The DYRS moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Ward's complaint.  Because Ward elected to file a charge of discrimination with the District of Columbia Office of Human Rights ("DCOHR") regarding the same course of conduct and the charge reached resolution, her claims under the DCHRA will be

_____

[1] Ward also alleged that DYRS violated 42 U.S.C. § 1981, but she has voluntarily dismissed her § 1981 claims.  (Pl.'s Opp'n at 9-10.)

dismissed.  Because DYRS lacks the capacity to be sued, the District of Columbia will be substituted as the defendant.

BACKGROUND

The DYRS hired Ward in August 2004.  (Compl. ¶ 7.)  She alleges that she thereafter was subjected to gender-based harassment, insults, and repeated reassignments.  (Id. ¶¶ 10, 15-20, 36, 39.)  In March 2008, Ward filed a charge of discrimination against DYRS with the EEOC and the DCOHR.  (Id. ¶ 5.)  She complains that as a result, she experienced retaliation, continued harassment, and a hostile work environment.  (Id. ¶¶ 25-29.)

Ward filed this action in February 2010 under Title VII and the DCHRA, alleging one count of retaliation and one count of hostile work environment.  The DYRS has moved to dismiss Ward's complaint under Rule 12(b)(6), arguing that Ward's claims under the DCHRA should be dismissed because Ward elected to file a charge of discrimination with DCOHR that was resolved, and that the DYRS lacks the capacity to be sued.  Ward opposes dismissal, arguing that she should be allowed to amend her complaint to substitute the District of Columbia for the DYRS as the proper defendant.

DISCUSSION

A complaint can be dismissed under Rule 12(b)(6) when a plaintiff fails to state a claim upon which relief can be

granted.  <u>Peavey v. Holder</u>, 657 F. Supp. 2d 180, 185 (D.D.C.

2009) (citing Fed. R. Civ. P. 12(b)(6)).  "A Rule 12(b)(6) motion

to dismiss tests the legal sufficiency of a complaint."

<u>Smith-Thompson v. Dist. of Columbia</u>, 657 F. Supp. 2d 123, 129

(D.D.C. 2009).  The complaint must be construed in the light most

favorable to the plaintiff and "the court must assume the truth

of all well-pleaded allegations."  <u>Warren v. District of

Columbia</u>, 353 F.3d 36, 39 (D.C. Cir. 2004).  In deciding a motion

brought under Rule 12(b)(6), a court does not consider matters

outside the pleadings, but a court may consider on a motion to

dismiss "the facts alleged in the complaint, documents attached

as exhibits or incorporated by reference in the complaint,"

<u>Gustave-Schmidt v. Chao</u>, 226 F. Supp. 2d 191, 196 (D.D.C. 2002),

or "documents 'upon which the plaintiff's complaint necessarily

relies' even if the document is produced not by the plaintiff in

the complaint but by the defendant in a motion to dismiss,"

<u>Hinton v. Corr. Corp. of Am.</u>, 624 F. Supp. 2d 45, 46 (D.D.C.

2009) (quoting <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706 (9th Cir.

1998)).[2]

---

[2] Ward's opposition requests that the motion to dismiss be
converted to one for summary judgment because the motion attaches
two documents purportedly outside of the complaint - - the DCOHR
charge of discrimination and the letter of determination from the
DCOHR.  However, the charge of discrimination is referred to in
the complaint (Compl. ¶ 5), a reference that also necessarily
incorporates in the complaint the letter of determination
resulting from the charge.  In any event, the complaint
necessarily relies upon the fact of the charge and the letter in

I.   DCHRA

Under the DCHRA, plaintiffs are "required 'to choose between

an administrative or a judicial forum in which to pursue their

claims.'"  Adams v. Dist. of Columbia, Civil Action No. 09-2459

(RMU), 2010 WL 3831686, at *11 (D.D.C. September 28, 2010)

(quoting Carter v. Dist. of Columbia, 980 A.2d 1217, 1223 (D.C.

2009)); see D.C. Code § 2-1403.16(a).  "A plaintiff, however, may

commence an action in court, notwithstanding his or her prior

filing of a complaint with the DCOHR, if either: (1) the

plaintiff withdraws the DCOHR complaint before the DCOHR renders

a judgment on it; or (2) the DCOHR dismisses the complaint for

'administrative convenience.'"  Adams, 2010 WL 3831686, at *11

(citing D.C. Code § 2-1403.16(a)).  "In order to successfully

withdraw a complaint before the DCOHR, and thus, preserve the

right to bring the same claim in court, a complainant must

request withdrawal 'prior to the completion of the [DCOHR's]

investigation and findings.'"  Adams, 2010 WL 3831686, at *12

(citing D.C. Code § 2-1403.04).

Ward's opposition to the defendant's motion to dismiss does

not address the argument that the claims in Ward's complaint that

arise under the DCHRA should be dismissed because she filed a

charge of discrimination regarding the same course of conduct

---

pleading that administrative proceedings were pursued before this
action was begun.  (See id. at 2.)  Thus, the motion need not be
converted to one for summary judgment.

with the DCOHR.  Therefore, this argument may be deemed
conceded.  See Cooper v. Farmers New Century Ins. Co., 607 F.
Supp. 2d 175, 180 (D.D.C. 2009) (granting motion to dismiss as
conceded based on the plaintiff's failure to respond to arguments
raised in the motion); Bonaccorsy v. Dist. of Columbia, 685 F.
Supp. 2d 18, 24 (D.D.C. 2010) (citing CSX Transp., Inc. v.
Commercial Union Ins. Co., 82 F.3d 478, 482-83 (D.C. Cir. 1986)
and Felter v. Salazar, 679 F. Supp. 2d 1, 4 n.2 (D.D.C. 2010)).
Moreover, Ward has presented no evidence that she withdrew her
charge of discrimination before the DCOHR, or that her charge of
discrimination was dismissed for administrative convenience.
Thus, Ward's DCHRA claims will be dismissed.

II.  DYRS

     The DYRS moves to dismiss Ward's complaint in its entirety
because the DYRS, as an agency of the District of Columbia, lacks
the capacity to be sued.  (Def.'s Mem. in Supp. of Mot. to
Dismiss, at 4-5.)  When a plaintiff mistakenly names as a
defendant a District of Columbia agency instead of the District
of Columbia itself, it is appropriate to substitute the District
for its agency.  See Hunter v. D.C. Child & Family Servs. Agency,
710 F. Supp. 2d 152, 157 (D.D.C. 2010) (citing Ennis v. Lott, 589
F. Supp. 2d 33, 37 (D.D.C. 2008)).  Here, the defendant's motion
to dismiss the complaint against the DYRS will be construed as a
motion to substitute the District of Columbia for the DYRS as the

defendant. <u>See</u> <u>Bennett v. Henderson</u>, Civil Action No. 10-1680
(RWR), 2011 WL 285871, at * 1 (D.D.C. January 28, 2011)
(construing motion to dismiss as one for substitution, and
substituting the District of Columbia for the District of
Columbia Public Schools as defendant). Accordingly, the District
of Columbia will be substituted for the DYRS as the defendant in
this action, and the complaint will be construed as one alleging
claims against the District of Columbia.

CONCLUSION AND ORDER

Ward filed with the DCOHR a charge of discrimination that
reached resolution regarding the same course of conduct as is
alleged in this action, precluding her from bringing the DCHRA
claims in her complaint here. Therefore, her DCHRA claims will
be dismissed. Since the DYRS is non sui juris, the District of
Columbia will be substituted for the DYRS as the defendant.
Therefore, it is hereby

ORDERED that the defendant's motion [4] to dismiss be, and
hereby is, GRANTED IN PART. Ward's claims under the DCHRA are
DISMISSED. It is further

ORDERED that the District of Columbia be, and hereby is,
SUBSTITUTED for defendant District of Columbia Youth
Rehabilitation Services.

SIGNED this 7th day of March, 2011.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge